**Thomas B. Jack, Appellee, v. A. L. McConkey et al., Ryland B. Shaw, Appellant.**
**Ryland B. Shaw, Appellant, v. Thomas B. Jack et al., Appellees.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Macon county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917. Rehearing denied December 1, 1917. *Certiorari* dismissed by Supreme Court.

### Statement of the Case.

Bill of interpleader by Thomas B. Jack, complainant, against A. L. McConkey, T. E. McConkey and Ryland B. Shaw, defendants, and cross-bill by Ryland B. Shaw, cross complainant, against Thomas B. Jack, A. L. McConkey and T. E. McConkey, cross defendants, as to a certain contract between A. L. McConkey and Ryland B. Shaw for an exchange of certain lands on the part of the former for certain master's certificates of purchase and other property on the part of the latter, the certificates being deposited with complainant pending acceptance by shaw of an abstract of title to the lands offered in exchange, T. E. McConkey being made a party defendant to the bill as claiming ownership of the certificates. From a decree enforcing the contract in favor of Shaw and against A. L. McConkey and ordering the latter to pay to the former $320.66 as damages on account of certain misrepresentations made by McConkey to Shaw and ordering enforcement of such order of payment by sale of the certificates, and payment by each of one-half of the costs, defendant and cross complainant, Shaw, appeals.

The lands involved were 320 acres in Adams county owned by T. E. McConkey, for whom A. L. McConkey acted as agent and 200 acres in Marion county owned by one Titus Springer; also a certain automobile, a

domino factory and the certificates of purchase owned by Shaw of certain lots in Decatur, all of which were to be exchanged for the McConkey lands. Deeds for the lands and the automobile and domino factory were exchanged, and the certificates of purchase were held by complainant to await Shaw's acceptance of the abstract of the McConkey lands. Across these lands was a 200-foot strip for purposes of a levee, outside of which were several acres subject to overflow, represented by McConkey to Shaw on inspection to be 3, but in fact much more. The decree found the value of the excess land, if same had been as represented, to be $244.16 more than their value as existing, and same, with interest and rent, aggregating $320.66, was decreed as damages. Complainant disclaimed interest, and by agreement was appointed receiver of the property described in the certificates of purchase.

HUGH CREA, HUGH W. HOUSUM and FRED HAMILTON, for appellant.

HERRICK & HERRICK and REDMON, HOGAN & REDMON, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 39*—*when vendor must point out boundaries correctly.* When a vendor undertakes to point out the boundaries of land to a purchaser he is obliged to point them out correctly.

2. VENDOR AND PURCHASER, § 42*—*when purchaser entitled to damages for misrepresentations by vendor.* A purchaser relying upon representations of his vendor as to the boundaries of the land purchased is entitled to damages for misrepresentations by the vendor.

3. EXCHANGE OF PROPERTY, § 8*—*what is measure of damages where exchanged property is not as represented.* The measure of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

damages where there is an exchange of property and the property is not as represented and the representation was relied upon is the difference between the actual value of the land and what would have been its value if it had been as represented.

4. VENDOR AND PURCHASER, § 127*—*when purchaser may not complain that title is not merchantable.* A party who has accepted a conveyance of land 60 years subsequently to the making of certain deeds claimed to be imperfect because not joined in by the wives of the grantors, and has taken possession of the land, may not be heard to complain that he has not a merchantable title and must rely upon the covenants of his deed.

5. COSTS, § 4*—*when half of costs properly taxed against cross complainant.* Where a cross complainant failed in several of his contentions on which much evidence was taken, *held* on decree in his favor generally, that there was no error in the court's ruling that he should pay one-half of the costs, as, in chancery, costs are in the judicial discretion of the court.

6. APPEAL AND ERROR, § 1712*—*necessity of pointing out and arguing errors.* The Appellate Court should not search the record for errors not pointed out or argued by counsel.